UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Dennis Hines, | Case No. 2:21-cv-01621-APG-DJA |
| Plaintiff, | |
| v. | Order |
| Washington Federal Bank, et al., | |
| Defendants. | |

This is a fraud action arising out of what Plaintiff Dennis Hines appears to assert was a scheme to foreclose on his home. Plaintiff moves to amend his complaint and to obtain the status of his case through the Freedom of Information Act ("FOIA"). (ECF Nos. 11, 14, and 25). Plaintiff's two amendments are the same other than the formatting and date on the last page of each. (ECF Nos. 11 and 14). Defendants responded to the first amendment and argued that the Court should deny it because it is an unintelligible string of what appear to be copied and pasted portions of online articles interspersed with Plaintiff's comments. (ECF No. 15). Plaintiff has also filed a "motion for FOIA minutes of case status." (ECF No. 25). In it, he apparently requests to submit a FOIA request for the case docket. Defendant did not respond.

Because the Court finds that Plaintiff's amendments are indecipherable, and thus futile, it denies Plaintiff's motions to amend. Because the Court finds that a FOIA request for the docket is unnecessary, it denies Plaintiff's motion to submit a FOIA request as moot. The Court finds these matters properly resolved without a hearing. LR 78-1.

I.   **Discussion.**

   A.   ***The Court denies Plaintiff's motions to amend.***

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Local Rules

require a party to attach their proposed amended pleading to their motion for leave to amend. LR 15-1. The Court evaluates *pro se* pleadings liberally. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Courts can decline granting leave to amend if amendment would be futile or if the newly asserted claims appear legally insufficient. *See Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *see Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). To determine futility, the Court applies the same standard used on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.*

The Court denies Plaintiff's motions to amend because amendment would be futile. Both of Plaintiff's motions to amend are the same absent a date and format change on the last page. (*Compare* ECF No. 11 at 17 *with* ECF No. 14 at 17). Both are also indecipherable. Although the Court should freely give leave to amend when justice so requires, Plaintiff has neither met the requirements for amendment nor made legally sufficient claims. Plaintiff has not met the requirement to amend because he has not filed a motion attaching his amended complaint. His filing appears to be only his amended complaint.

Additionally, even liberally construing his filing, it is impossible to tell what he is alleging, let alone to decipher legally sufficient claims. Plaintiff appears to have copied and pasted portions of articles from the internet and emails, interspersing his comments in short sentences between them. But the jumble of sources and sentences does not constitute a valid claim under Federal Rule of Civil Procedure 12(b)(6). The Court thus denies Plaintiff's motions to amend without prejudice.

### B.   The Court denies Plaintiff's motion for FOIA minutes as moot.

Plaintiff filed a motion requesting "FOIA minutes of case status." (ECF No. 25). Plaintiff asks the Court questions about the status of the case and notes that on a few instances,

Defendants' counsel used the wrong case number. (*Id.* at 2, 7, 8). Plaintiff also asserts that he has received "no other responses by mail." (*Id.* at 5).

As a preliminary matter, the Court has already informed Defendants' counsel about the case number discrepancy for ECF Nos. 9, 15, 17, and 18. (ECF No. 19). This discrepancy, however, should not—and does not appear to—have had an impact on whether Plaintiff was served with these items. Plaintiff asserts that he received ECF Nos. 17 and 18 (Defendants' notice of Plaintiff's non-opposition and response to Plaintiff's motion for judgment, respectively) and has responded to ECF No. 9 (Defendants' motion to dismiss). While it is unclear whether Plaintiff received ECF No. 15 (Defendants' response to Plaintiff's motion to amend), Plaintiff's motion is not the appropriate way for him to find out.

Plaintiff need not rely on FOIA to access the docket or learn about the status of his case. The docket—and thus, Plaintiff's case status—is available through Public Access to Court Electronic Records ("PACER"), an electronic public service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts via the Internet. PACER provides access to dockets (case information) via the Internet for a fee of $0.10 per page. Plaintiff should already have a PACER account to view documents sent to him via email notice. If not, to establish a PACER account, Plaintiff can contact the PACER Service Center (1-800-676-6856) or register online at https://pacer.psc.uscourts.gov/pscof/regWizard.jsf. Information about PACER can also be found on the United States District Court for the District of Nevada's website at https://www.nvd.uscourts.gov/.

**IT IS THEREFORE ORDERED** that Plaintiffs' motions to amend (ECF Nos. 11 and 14) are **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for FOIA minutes (ECF No. 25) is **denied as moot**.

DATED: January 6, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE