UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENNIS HINES,<br><br>                     Plaintiff,<br>     v.<br><br>WASHINGTON FEDERAL BANK, a corporation; LARRY FOLKS, an individual; and FOLKS HESS, PLLC, a professional limited liability company,<br><br>                     Defendant. | Case No. 2:21-cv-01621-ART-DJA<br><br>ORDER |

Before the Court are Plaintiff Dennis Hines ("Hines") Motion for Judgment (ECF No. 8), Motion for Judgment (ECF No. 13), and Motion to Stay the Mandate (ECF No. 16) and Defendants Washington Federal Saving and Loan, Larry Folks, and Folks Hess, PLLC ("Defendants") Motion to Dismiss (ECF No. 9). The Court grants Defendants' motion to dismiss (ECF No. 9) and dismisses this action with prejudice. The Court denies Hines's motions as moot.

This is a fraud action arising out of what Hines appears to assert was a scheme to foreclose on his home. The Court previously denied Hines's motions to amend his complaint and obtain the status of his case through the Freedom of information Act. (ECF No. 26.) The Court also previously dismissed Hines's claims against Seattle Washington Home Office without prejudice for failure to timely serve. (ECF No. 28.) The defendants who remain move to dismiss the operative complaint with prejudice on the basis that it "fails to sufficiently put Defendants on notice of anything they have done to cause Hines injury." (ECF No. 9 at 3.)

Defendants also argue that the Complaint fails because it alleges fraud and does not satisfy the heightened pleading standard for allegations of fraud. *Id.* at 9.

Though Defendants cite Nevada statutes, the Court agrees with the substance of Defendants arguments and dismisses the Complaint with prejudice. Defendants move to dismiss the Complaint for failure to plead with particularity under Rule 9(b) and for failure to state a claim under Rule 12(b)(6). Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 9(b) of the Federal Rules of Civil Procedure require, when alleging fraud, a party to state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the misconduct alleged. *Vess v. Ciba-Geigy Corp.* USA, 317 F.3d 1097, 1106 (9th Cir. 2003).

The Court agrees with Defendants that Hines's Complaint neither states a claim nor satisfies the heightened pleading standard required for a fraud claim. Hines alleges that he is elderly, offered to pay for his house, was rejected, and explains that the bank has been rude, was essentially trying to steal from an elderly person, and sent him a threatening letter. The Court is sympathetic to Hines and recognizes that he is in a difficult position, particularly given his advanced age. Drawing every inference in Hines's favor, however, the Court still finds that the Complaint simply does not state a claim upon which the Court can grant any relief.

Because the Court has previously found that amending the Complaint would be futile, the Court dismisses the Complaint with prejudice. Because Hines's claims against Seattle Washington Home Office are identical to his claims

against the remaining defendants and were already dismissed without prejudice based on untimely service, the Court sua sponte finds that the claims against Seattle Home Office would be subject to dismissal under Rule 12(b)(6) and Rule 9(b) and administratively closes this case.[1]

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (ECF No. 9) is GRANTED.

IT IS FURTHER ORDERED that this action is dismissed WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motions (ECF Nos. 8; 16; 13) are denied as moot.

IT IS FURTHER ORDERED that the clerk of the Court shall administratively close this case.

DATED THIS 1st Day of August 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[1] A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir.1981).